Official Form 1 (4/07)

| United States Bankruptcy Court<br>**Eastern District of North Carolina** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Howell, Johnny** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Howell, Brenda Glover** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>**FDBA Howell's Furniture** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**xxx-xx-5055** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>**xxx-xx-0588** |
| Street Address of Debtor (No. and Street, City, and State):<br>**150 Summit Avenue**<br>**Raleigh, NC**<br>ZIP Code **27603** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**150 Summit Avenue**<br>**Raleigh, NC**<br>ZIP Code **27603** |
| County of Residence or of the Principal Place of Business:<br>**Wake** | County of Residence or of the Principal Place of Business:<br>**Wake** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 100,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,001 to $100,000 | ■ $100,001 to $1 million | ☐ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ■ $100,001 to $1 million | ☐ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Official Form 1 (4/07)                                                                                    **FORM B1**, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Howell, Johnny**<br>**Howell, Brenda Glover** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** _____<br>Signature of Attorney for Debtor(s)              (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
#### (Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
#### (Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07)                                                                                                    FORM B1, Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| **Howell, Johnny** |
| **Howell, Brenda Glover** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Johnny Howell**
Signature of Debtor  **Johnny Howell**

X **/s/ Brenda Glover Howell**
Signature of Joint Debtor  **Brenda Glover Howell**

Telephone Number (If not represented by attorney)

**July 19, 2007**
Date

#### Signature of Attorney

X **/s/ Bill Janvier**
Signature of Attorney for Debtor(s)

**Bill Janvier 21136**
Printed Name of Attorney for Debtor(s)

**Everett, Gaskins, Hancock & Stevens**
Firm Name
**127 West Hargett St.**
**Suite 600**
**Raleigh, NC 27601**

Address

**(919) 755-0025  Fax: (919) 755-0009**
Telephone Number
**July 19, 2007**
Date

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
### Eastern District of North Carolina

In re **Johnny Howell**
**Brenda Glover Howell**
_____
Debtor(s)

Case No. _____
Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed._

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]_ ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

**Official Form 1, Exh. D (10/06) - Cont.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     **/s/ Johnny Howell**
                            **Johnny Howell**
Date:    **July 19, 2007**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
### Eastern District of North Carolina

In re   **Johnny Howell**
**Brenda Glover Howell**

Case No.
Chapter   **7**

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* ____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

**Official Form 1, Exh. D (10/06) - Cont.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     **/s/ Brenda Glover Howell**
                         **Brenda Glover Howell**

Date:   **July 19, 2007**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

Form 6-Summary (10/06)

# United States Bankruptcy Court
### Eastern District of North Carolina

In re   **Johnny Howell,**
**Brenda Glover Howell**

Debtors

Case No. _____

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 90,000.00 | | |
| B - Personal Property | Yes | 4 | 39,050.60 | | |
| C - Property Claimed as Exempt | Yes | 5 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 90,648.39 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 149,593.80 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 542.50 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 4,010.67 |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| | | Total Assets | 129,050.60 | | |
| | | Total Liabilities | | 240,242.19 | |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Johnny Howell,**
       **Brenda Glover Howell**

Case No. _____

_____,

                       Debtors

Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Form B6A
(10/05)

In re    **Johnny Howell,**                                                  Case No. _____
         **Brenda Glover Howell**

_____,
                              Debtors

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **3 bedroom home**<br>**150 Summit Avenue**<br>**Raleigh, NC 27603** | | J | 89,000.00 | 75,827.30 |
| **Mountlawn**<br>**2 grave plots** | | J | 1,000.00 | 0.00 |

| | | |
|---|---|---|
| Sub-Total > | **90,000.00** | (Total of this page) |
| Total > | **90,000.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

Form B6B
(10/05)

In re   **Johnny Howell,**
        **Brenda Glover Howell**

Case No. _____

_____,
                          Debtors

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash** | - | 500.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **SECU - Savings Account** | J | 135.58 |
| | | | **SECU - Money Market Account** | J | 8,993.79 |
| | | | **SECU Checking** | J | 896.23 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Bedroom Furniture: Queen bed, two nightstands, and chest** | J | 300.00 |
| | | | **Living Room Furniture:** **Sec. sofa, entertainment center, television, two lamps, table, and recliner** | J | 550.00 |
| | | | **Office:** **Desk** | J | 20.00 |
| | | | **4 Bar stools, bookcase, 4 televisions, exercise machine, cedar chest, used tanning bed, walnut bench, stove, refrigerator, washer, and dryer.** | J | 1,030.00 |
| | | | **HP Laptop and Fax Machine** | J | 200.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Miscellaneous books and picture** | J | 100.00 |
| 6. | Wearing apparel. | | **Men and women's clothing for all seasons** | J | 200.00 |
| 7. | Furs and jewelry. | | **Two wedding bands and miscellaneous earrings and necklace** | J | 200.00 |

|  | Sub-Total > | 13,125.60 |
|---|---|---|
|  | (Total of this page) | |

___3___ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re    **Johnny Howell,**                                          Case No. _____
         **Brenda Glover Howell**

_____ ,
                              Debtors
## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% Ownership of Howells Furniture** | J | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >                **0.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Form B6B
(10/05)

In re    **Johnny Howell,**                                        Case No. _____

       **Brenda Glover Howell**

_____,

Debtors

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 Mazda (no debt)** | **W** | **5,850.00** |
| | | **2006 Dodge Truck (Chrysler Financial)** | **H** | **15,000.00** |
| | | **1999 Ford Truck (Box) (no debt)** | **H** | **4,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | | **Miscellaneous items not sold in business closing** | **J** | **1,000.00** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >     **25,850.00**
(Total of this page)

Sheet  **2**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re    **Johnny Howell,**
        **Brenda Glover Howell**

Case No. _____

_____,
               Debtors

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **1957 Camper** | J | 75.00 |

| | |
|---|---|
| Sub-Total > | **75.00** |
| (Total of this page) | |
| Total > | **39,050.60** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037              Best Case Bankruptcy

Form B6C
(4/07)

In re    **Johnny Howell,**                                       Case No. _____
         **Brenda Glover Howell**

_____ ,
                    Debtors

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:         ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>**3 bedroom home**<br>**150 Summit Avenue**<br>**Raleigh, NC 27603** | N.C. Gen. Stat. § 1C-1601(a)(1) | 13,172.70 | 89,000.00 |
| **Mountlawn**<br>**2 grave plots** | N.C. Gen. Stat. § 1C-1601(a)(1) | 1,000.00 | 1,000.00 |
| **Cash on Hand**<br>**Cash** | N.C. Gen. Stat. § 1-362 | 500.00 | 500.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>**SECU - Savings Account** | N.C. Gen. Stat. § 1-362 | 135.58 | 135.58 |
| **SECU - Money Market Account** | N.C. Gen. Stat. § 1-362<br>N.C. Gen. Stat. § 1C-1601(a)(2) | 8,993.79<br>8,993.79 | 8,993.79 |
| **SECU Checking** | N.C. Gen. Stat. § 1-362 | 896.23 | 896.23 |
| **Household Goods and Furnishings**<br>**Bedroom Furniture: Queen bed, two**<br>**nightstands, and chest** | N.C. Gen. Stat. § 1C-1601(a)(4) | 300.00 | 300.00 |
| **Living Room Furniture:**<br>**Sec. sofa, entertainment center, television, two**<br>**lamps, table, and recliner** | N.C. Gen. Stat. § 1C-1601(a)(4) | 550.00 | 550.00 |
| **Office:**<br>**Desk** | N.C. Gen. Stat. § 1C-1601(a)(4) | 0.00 | 20.00 |
| **4 Bar stools, bookcase, 4 televisions, exercise**<br>**machine, cedar chest, used tanning bed, walnut**<br>**bench, stove, refrigerator, washer, and dryer.** | N.C. Gen. Stat. § 1C-1601(a)(4) | 1,030.00 | 1,030.00 |
| **HP Laptop and Fax Machine** | N.C. Gen. Stat. § 1C-1601(a)(4) | 200.00 | 200.00 |
| **Books, Pictures and Other Art Objects; Collectibles**<br>**Miscellaneous books and picture** | N.C. Gen. Stat. § 1C-1601(a)(4) | 100.00 | 100.00 |
| **Wearing Apparel**<br>**Men and women's clothing for all seasons** | N.C. Gen. Stat. § 1C-1601(a)(4) | 200.00 | 200.00 |
| **Furs and Jewelry**<br>**Two wedding bands and miscellaneous**<br>**earrings and necklace** | N.C. Gen. Stat. § 1C-1601(a)(4) | 200.00 | 200.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**1998 Mazda (no debt)** | N.C. Gen. Stat. § 1C-1601(a)(3) | 5,850.00 | 5,850.00 |
| **1999 Ford Truck (Box) (no debt)** | N.C. Gen. Stat. § 1C-1601(a)(3)<br>N.C. Gen. Stat. § 1C-1601(a)(5) | 1,150.00<br>2,850.00 | 4,000.00 |

___**1**___   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6C
(4/07)

In re      **Johnny Howell,**
      **Brenda Glover Howell**

Case No. _____

_____,
Debtors

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Inventory** | | | |
| **Miscellaneous items not sold in business closing** | **N.C. Gen. Stat. § 1C-1601(a)(2)** | **1,000.00** | **1,000.00** |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **1957 Camper** | **N.C. Gen. Stat. § 1C-1601(a)(2)** | **75.00** | **75.00** |
| | Total: | **47,197.09** | **114,050.60** |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                              Best Case Bankruptcy

Rev. 4/2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                    CASE NUMBER:
**Johnny Howell**
**Brenda Glover Howell**
    Debtor(s).

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

    We,   **Johnny Howell and Brenda Glover Howell**  , claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law: **(Attach additional sheets if necessary)**.

    1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $18,500; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $37,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| **3 bedroom home 150 Summit Avenue Raleigh, NC 27603** | **89,000.00** | **J** | **State Employee's Credit Union** | **75,827.30** | **13,172.70** | **13,172.70** |
| **Mountlawn 2 grave plots** | **1,000.00** | **J** | | | **1,000.00** | **1,000.00** |

Debtor's Age: _____
Name of former co-owner: _____

VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1): $    **14,172.70**

    2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| **1998 Mazda (no debt)** | **5,850.00** | **W** | | | **5,850.00** | **5,850.00** |
| **1999 Ford Truck (Box) (no debt)** | **4,000.00** | **H** | | | **4,000.00** | **1,150.00** |

VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3): $    **7,000.00**

    3. NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents). The number of dependents for exemption purposes is   **0**  .

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| **4 Bar stools, bookcase, 4 televisions, exercise machine, cedar chest, used tanning bed, walnut bench, stove, refrigerator, washer, and dryer.** | **1,030.00** | **J** | | | **1,030.00** | **1,030.00** |
| **Bedroom Furniture: Queen bed, two nightstands, and chest** | **300.00** | **J** | | | **300.00** | **300.00** |

Schedule C-1 - Property Claimed as Exempt - 4/2006

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| HP Laptop and Fax Machine | 200.00 | J | | | 200.00 | 200.00 |
| Living Room Furniture: Sec. sofa, entertainment center, television, two lamps, table, and recliner | 550.00 | J | | | 550.00 | 550.00 |
| Men and women's clothing for all seasons | 200.00 | J | | | 200.00 | 200.00 |
| Miscellaneous books and picture | 100.00 | J | | | 100.00 | 100.00 |
| Office: Desk | 20.00 | J | | | 20.00 | 0.00 |
| Two wedding bands and miscellaneous earrings and necklace | 200.00 | J | | | 200.00 | 200.00 |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $     2,580.00**

4.  NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| 1999 Ford Truck (Box) (no debt) | 4,000.00 | H | | | 4,000.00 | 2,850.00 |

**VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $     2,850.00**

5.  NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| -NONE- | | |

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
| -NONE- |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|
| -NONE- |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| 1957 Camper | 75.00 | J | | | 75.00 | 75.00 |

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
| **Miscellaneous items not sold in business closing** | **1,000.00** | **J** | | | **1,000.00** | **1,000.00** |
| **SECU - Money Market Account** | **8,993.79** | **J** | | | **8,993.79** | **8,993.79** |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2):  $    10,068.79

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
|---|
| -NONE- |

10.  NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
|---|
| -NONE- |

11.  NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
|---|
| -NONE- |

12.  NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
|---|
| -NONE- |

13.  TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

VALUE CLAIMED AS EXEMPT:  $    0.00

14.  NORTH CAROLINA PENSION FUND EXEMPTIONS

| | |
|---|---|
| -NONE- | |

15.  OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | | |
|---|---|---|
| a. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **500.00** |
| b. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **8,993.79** |
| c. | **Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362** | **135.58** |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

| | | |
|---|---|---:|
| d. | Debtor earnings necessary to support family (all earnings from last 60 days), N.C. Gen. Stat. § 1-362 | 896.23 |

16.  FEDERAL PENSION FUND EXEMPTIONS

| |
|---|
| **-NONE-** |

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| |
|---|
| **-NONE-** |

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---:|---|---:|---:|
| **-NONE-** | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19.  The debtor's property is subject to the following claims:

| | |
|---|---|
| a. | Of the United States or its agencies as provided by federal law. |
| b. | Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds; |
| c. | Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected. |
| d. | Of a lien by a mechanic for work done on the premises, but only as to the specific property affected. |
| e. | For payment of obligations contracted for the purchase of specific real property affected. |
| f. | For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods. |
| g. | For statutory liens, on the specific property affected, other than judicial liens. |
| h. | For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina. |
| i. | For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38. |
| j. | Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations). |
| k. | Debts of a kind specified in 11 U.S.C. § 522(c). |

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---:|---|---:|---:|
| **Chrysler Financial** | | 14,821.09 | **2006 Dodge Truck (Chrysler Financial)** | 15,000.00 | 178.91 |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

We,   **Johnny Howell and Brenda Glover Howell**   , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting 5 sheets, and that they are true and correct to the best of my knowledge, information and belief.


Executed on:  **July 19, 2007**

**/s/ Johnny Howell**
**Johnny Howell**
                        Debtor


**/s/ Brenda Glover Howell**
**Brenda Glover Howell**
                        Joint Debtor

Schedule C-1 - Property Claimed as Exempt

Page 5 of 5 Pages

Official Form 6D (10/06)

In re **Johnny Howell,**
     **Brenda Glover Howell**
                                        ,
                             Debtors

Case No. _____

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **1003238874** | | | **2006 Dodge Truck (Chrysler Financial)** | | | | | |
| **Chrysler Financial Attn: Managing Agent P.O. Box 1728 Newark, NJ 07101-1728** | | J | | | | | | |
| | | | Value $       **15,000.00** | | | | **14,821.09** | **0.00** |
| Account No. **269650790** | | | **3 bedroom home 150 Summit Avenue Raleigh, NC 27603** | | | | | |
| **State Employee's Credit Union Attn: Managing Agent P.O. Box 29561 Raleigh, NC 27626** | | J | | | | | | |
| | | | Value $       **89,000.00** | | | | **75,827.30** | **0.00** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

| | | |
|---|---|---|
|   **0**   continuation sheets attached | Subtotal (Total of this page) | **90,648.39**      **0.00** |
| | Total (Report on Summary of Schedules) | **90,648.39**      **0.00** |

Official Form 6E (4/07)

In re   **Johnny Howell,**                                                     Case No. _____
        **Brenda Glover Howell**
                                                          ,
                              Debtors

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                        __1__   continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                        Best Case Bankruptcy

Official Form 6E (4/07) - Cont.

In re   **Johnny Howell,**
      **Brenda Glover Howell**                              Case No. _____

                                                      Debtors

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community |  | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
|  |  | H W | J C |  |  |  |  |  | AMOUNT ENTITLED TO PRIORITY |
| Account No. |  |  |  | notice only |  |  |  |  |  |
| **Employment Security Commission** **PO Box 26504** **Raleigh, NC 27611** |  |  | J |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  | 0.00 | 0.00 |
| Account No. |  |  |  | notice only |  |  |  |  |  |
| **IRS** **Attn: Special Procedures** **320 Federal Place** **Greensboro, NC 27402** |  |  | J |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  | 0.00 | 0.00 |
| Account No. |  |  |  | notice only |  |  |  |  |  |
| **N.C. Dept. of Revenue** **PO Box 1168** **Raleigh, NC 27602** |  |  | J |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  | 0.00 | 0.00 |
| Account No. |  |  |  | notice only |  |  |  |  |  |
| **Wake County Revenue Department** **Attn: Managing Agent** **P.O. Box 96084** **Charlotte, NC 28296-0084** |  |  | J |  |  |  |  |  | 0.00 |
|  |  |  |  |  |  |  |  | 0.00 | 0.00 |
| Account No. |  |  |  |  |  |  |  |  |  |

Sheet  **1**  of  **1**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 | |
|---|---|---|---|
| | | 0.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 0.00 | |
| | | 0.00 | 0.00 |

Official Form 6F (10/06)

In re   **Johnny Howell,**
        **Brenda Glover Howell**

Case No. _____

_____,
                              Debtors

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **American Bedding Co.** Attn: Gerald H. Groon, Jr. PO Box 26268 Raleigh, NC 27611-6268 | | | J | | | | | | 3,588.00 |
| Account No. **AT&T** Attn: Managing Agent PO Box 9001310 Louisville, KY 40290 | | | J | | | | | | 0.00 |
| Account No. 5398-6070-7088-8053 **AT&T Universal** Attn: Managing Agent PO Box 183064 Columbus, OH 43218-3064 | | | J | | | | | | 11,188.27 |
| Account No. 4036-4755-0013-9914 **Bank of America** PO Box 15463 Attn: Bankruptcy Dept. Wilmington, DE 19886 | | | J | | | | | | 21,578.41 |

|  | Subtotal (Total of this page) | 36,354.68 |
|---|---|---|

__4__  continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06) - Cont.

In re **Johnny Howell,**
**Brenda Glover Howell**

Case No. _____

_____,
Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **4500-6600-6004-0142** | | | | | | | | | |
| **Bank of America** **Attn: Bankruptcy Department** **PO Box 15463** **Wilmington, DE 19886** | | | J | | | | | | 17,145.83 |
| Account No. **5200-0113-1329-9558** | | | | | | | | | |
| **Bank of America** **Attn: Managing Agent** **PO Box 15726** **Wilmington, DE 19886-5726** | | | J | | | | | | 14,280.17 |
| Account No. | | | | | | | | | |
| **BB&T Factors** **Attn: Frederick G. Sawyer** **PO Drawer 2086** **High Point, NC 27261** | | | J | | | | | | 10,906.34 |
| Account No. | | | | | | | | | |
| **Bell South** **Attn: Managing Agent** **P.O. Box 70529** **Charlotte, NC 28272-0529** | | | J | | | | | | 0.00 |
| Account No. **5903592392634529** | | | | | | | | | |
| **Capital One** **Attn: Managing Agent** **PO Box 70884** **Charlotte, NC 28272-0884** | | | J | | | | | | 11,649.46 |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**53,981.80**

Official Form 6F (10/06) - Cont.

In re    **Johnny Howell,**
     **Brenda Glover Howell**

Case No. _____

Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5466-3017-7814-7270** <br><br> **Capital One** <br> **Attn: Managing Agent** <br> **PO Box 70884** <br> **Charlotte, NC 28272-0884** | | J | | | | | 5,511.80 |
| Account No. <br><br> **Caraleigh Furniture** <br> **Attn: Managing Agent** <br> **3605 Baron Monck Pass** <br> **Raleigh, NC 27612** | | J | | | | | 7,500.00 |
| Account No. <br><br> **Carolina Medical** <br> **421 Fayetteville St.** <br> **Suite 600** <br> **Raleigh, NC 27601** | | J | | | | | 129.00 |
| Account No. **5424-1810-2618-2944** <br><br> **CitiCard** <br> **Attn: Managing Agent** <br> **PO Box 183067** <br> **Columbus, OH 43218-3067** | | J | | | | | 11,495.42 |
| Account No. <br><br> **Critcal Health** <br> **421 Fayetteville St.** <br> **Suite 600** <br> **Raleigh, NC 27601** | | J | | | | | 109.00 |

Sheet no. __**2**__ of __**4**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

24,745.22

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06) - Cont.

In re **Johnny Howell,**
       **Brenda Glover Howell**

Case No. _____

Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6011-0037-1030-9343** <br><br> **Discover** <br> **Attn: Managing Agent** <br> **PO Box 15251** <br> **Wilmington, DE 19886-5251** | | J | | | | | **10,337.73** |
| Account No. **6011-0034-9952-1381** <br><br> **Discover** <br> **Attn: Managing Agent** <br> **PO Box 15251** <br> **Wilmington, DE 19886-5251** | | J | | | | | **7,936.49** |
| Account No. <br><br> **Gerald H. Groon** <br> **Smith Debnam** <br> **P.O. Box 26268** <br> **Raleigh, NC 27611** | | J | | | | | **0.00** |
| Account No. <br><br> **Scott & Goldman** <br> **590 W. Crossville Rd.** <br> **Suite 104** <br> **Roswell, GA 30075** | | J | | | | | **0.00** |
| Account No. <br><br> **Spring Air Mattress Corporation** <br> **Attn: Managing Agent** <br> **401 North Raleigh Street** <br> **Greensboro, NC 27420-0028** | | J | | | | | **3,564.00** |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**21,838.22**

Official Form 6F (10/06) - Cont.

In re  **Johnny Howell,**
      **Brenda Glover Howell**
                                          Debtors

Case No. _____

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **105060003486079**<br><br>**Wachovia Bank, NA**<br>**Attn: Managing Partner**<br>**1451 Thomas Langston Road**<br>**Winterville, NC 28590** | | J | | | | | | **11,046.88** |
| Account No.<br><br>**Wake Medical**<br>**421 Fayetteville St.**<br>**Suite 600**<br>**Raleigh, NC 27601** | | J | | | | | | **1,627.00** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

            Subtotal
(Total of this page)      **12,673.88**

            Total
(Report on Summary of Schedules)      **149,593.80**

Form B6G
(10/05)

In re    **Johnny Howell,**
        **Brenda Glover Howell**
_____,

Case No. _____

Debtors

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

   **0**   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6H
(10/05)

In re    **Johnny Howell,**                                             Case No. _____
     **Brenda Glover Howell**

_____ ,
                             Debtors

# SCHEDULE H. CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

 

**0**  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 6I (10/06)

In re    **Johnny Howell**
      **Brenda Glover Howell**              Case No. _____
                      Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Auctioneer** | **Unemployed** |
| Name of Employer | **Retired / Self Employed** | **Unemployed** |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
|     b. Insurance | $ 0.00 | $ 0.00 |
|     c. Union dues | $ 0.00 | $ 0.00 |
|     d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): **Social Security** | $ 542.50 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 542.50 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 542.50 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 542.50 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
     **Debtors are seeking employment**

Official Form 6J (10/06)

In re    **Johnny Howell**
       **Brenda Glover Howell**               Case No. _____
                      Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 593.00 |
|     a. Are real estate taxes included?    Yes __X__    No ___ | | |
|     b. Is property insurance included?    Yes __X__    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 200.00 |
|             b. Water and sewer | $ | 20.00 |
|             c. Telephone | $ | 30.00 |
|             d. Other   **See Detailed Expense Attachment** | $ | 118.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 41.67 |
| 4. Food | $ | 240.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 100.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 12.33 |
| 10. Charitable contributions | $ | 66.67 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|         a. Homeowner's or renter's | $ | 0.00 |
|         b. Life | $ | 93.00 |
|         c. Health | $ | 437.00 |
|         d. Auto | $ | 109.00 |
|         e. Other   **Truck - Business** | $ | 1,500.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|        (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|         a. Auto | $ | 400.00 |
|         b. Other | $ | 0.00 |
|         c. Other | $ | 0.00 |
|         d. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
|     Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,010.67 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
     **None**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 542.50 |
| b.    Average monthly expenses from Line 18 above | $ | 4,010.67 |
| c.    Monthly net income (a. minus b.) | $ | -3,468.17 |

**Official Form 6J (10/06)**

In re  **Johnny Howell**
**Brenda Glover Howell**
_____     Case No. _____
Debtor(s)

## SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cable** | $ | **49.00** |
| **Cell Phone** | $ | **69.00** |
| **Total Other Utility Expenditures** | $ | **118.00** |

Official Form 6-Declaration. (10/06)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Johnny Howell**
**Brenda Glover Howell**
_____
Debtor(s)

Case No. _____

Chapter    **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
___**25**___ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my
knowledge, information, and belief.

Date   **July 19, 2007** _____     Signature    **/s/ Johnny Howell** _____
                                                 **Johnny Howell**
                                                 Debtor

Date   **July 19, 2007** _____     Signature    **/s/ Brenda Glover Howell** _____
                                                   **Brenda Glover Howell**
                                                 Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Official Form 7
(04/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re **Johnny Howell**
**Brenda Glover Howell**
                                                      Case No. _____
                              Debtor(s)        Chapter        **7**    _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$127,494.00** | **January 1 of this year through date of commencement of case - Furniture Store - Wife** |
| **$361,863.00** | **Last Year ( January 1 - December 31, 2006)** |
| **$388,411.00** | **The year before last (January 1 - December 31, 2005)** |

2

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$5,000.00** | **April 2007 - Cashed in Annuity** |

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **John Howell III** | **6-1-2007** | **$2,000.00** | **$0.00** |
| **Son** | | | |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **BB&T v. Brenda Howell** | | | |

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Wachovia Bank, NA**<br>**Dealer Financial Services, Attn: Managing Agent**<br>**1451 Thomas Langston Road**<br>**Winterville, NC 28590** | **6-18-07** | **2004 S10 Truck** |

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☐  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Freedom Family Fellowship**<br>**Attn: Managing Agent** | | | **One Year - $800-$1,000** |

**8. Losses**

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Everett, Gaskins, Hancock & Stevens** **P.O. Box 911** **Raleigh, NC 27602** | **6/28/2007** | **$2,300.00** |

### 10. Other transfers

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **World Inc.** **Attn: Managing Agent** | **Annuity** | **4-2007** **Approximately $5,000.00** |

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

5

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Son** | **Trailer worth perhaps $75** | **Residence** |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

6

None ■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                                      DOCKET NUMBER                                      STATUS OR DISPOSITION

### 18 . Nature, location and name of business

None ☐  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Howell's Furniture** | **705097650** | **Attn: Managing Agent 1600 South Saunders Street Raleigh, NC** | **Furniture Store** | **1-2004 to 5-31-2007** |
| **Howell's Auction** | | | **Presently inactive** | **1981 - present** |

None ■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                          ADDRESS

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                          DATES SERVICES RENDERED

None ■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                                      DATES SERVICES RENDERED

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Tyndoll Stroud CPAs P.C.** | **Attn: Managing Agent** |
| **Handled payroll and tax returns** | **P.O. Box 1030** |
| | **Grifton, NC 28530** |

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS            DATE ISSUED

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR | (Specify cost, market or other basis) |

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY |
|---|---|
| DATE OF INVENTORY | RECORDS |

### 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

|  |  | NATURE AND PERCENTAGE |
|---|---|---|
| NAME AND ADDRESS | TITLE | OF STOCK OWNERSHIP |

### 22 . Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME        ADDRESS        DATE OF WITHDRAWAL

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS        TITLE        DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                             TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                        TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **July 19, 2007**                      Signature  **/s/ Johnny Howell**

**Johnny Howell**
Debtor

Date  **July 19, 2007**                      Signature  **/s/ Brenda Glover Howell**

**Brenda Glover Howell**
Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form 8
(10/05)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    Johnny Howell
         Brenda Glover Howell _____    Case No. _____
                                          Debtor(s)              Chapter    __7__

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

■    I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐    I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

■    I intend to do the following with respect to property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| **2006 Dodge Truck (Chrysler Financial)** | **Chrysler Financial** | | | | **X** |
| **3 bedroom home 150 Summit Avenue Raleigh, NC 27603** | **State Employee's Credit Union** | **Debtor will retain collateral and continue to make regular payments.** | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **-NONE-** | | |

Date    **July 19, 2007** _____    Signature    **/s/ Johnny Howell** _____
                                                      **Johnny Howell**
                                                      Debtor

Date    **July 19, 2007** _____    Signature    **/s/ Brenda Glover Howell** _____
                                                      **Brenda Glover Howell**
                                                      Joint Debtor

# United States Bankruptcy Court
### Eastern District of North Carolina

In re    **Johnny Howell**
　　　　**Brenda Glover Howell** _____　Case No. _____
　　　　　　　　　　　　　　　　　　　　Debtor(s)　　　　　　　Chapter **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.　Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,000.00** |
| Prior to the filing of this statement I have received | $ | **2,000.00** |
| Balance Due | $ | **0.00** |

2.　The source of the compensation paid to me was:

　　■ Debtor　　　☐ Other (specify):

3.　The source of compensation to be paid to me is:

　　■ Debtor　　　☐ Other (specify):

4.　■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

　　☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.　In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
　　a.　Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
　　b.　Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
　　c.　Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
　　d.　[Other provisions as needed]
　　　　**Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.　By agreement with the debtor(s), the above-disclosed fee does not include the following service:
　　**Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

　　I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:　**July 19, 2007** _____　　　**/s/ Bill Janvier** _____
　　　　　　　　　　　　　　　　　　　　　　　　　**Bill Janvier**
　　　　　　　　　　　　　　　　　　　　　　　　　**Everett, Gaskins, Hancock & Stevens**
　　　　　　　　　　　　　　　　　　　　　　　　　**127 West Hargett St.**
　　　　　　　　　　　　　　　　　　　　　　　　　**Suite 600**
　　　　　　　　　　　　　　　　　　　　　　　　　**Raleigh, NC 27601**
　　　　　　　　　　　　　　　　　　　　　　　　　**(919) 755-0025　Fax: (919) 755-0009**

---

B 201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF NORTH CAROLINA**

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**
1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**
1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201 (04/09/06)

---

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| Bill Janvier | X /s/ Bill Janvier | July 19, 2007 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**127 West Hargett St.**
**Suite 600**
**Raleigh, NC 27601**
**(919) 755-0025**

### Certificate of Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Johnny Howell
Brenda Glover Howell | X /s/ Johnny Howell | July 19, 2007 |
|---|---|---|
| Printed Name of Debtor | Signature of Debtor | Date |
| Case No. (if known) _____ | X /s/ Brenda Glover Howell | July 19, 2007 |
| | Signature of Joint Debtor (if any) | Date |

## United States Bankruptcy Court
### Eastern District of North Carolina

In re  **Johnny Howell**
**Brenda Glover Howell**

Debtor(s)

Case No.
Chapter **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:  **July 19, 2007**

**/s/ Johnny Howell**
**Johnny Howell**
Signature of Debtor

Date:  **July 19, 2007**

**/s/ Brenda Glover Howell**
**Brenda Glover Howell**
Signature of Debtor

American Bedding Co.
Attn: Gerald H. Groon, Jr.
PO Box 26268
Raleigh, NC 27611-6268

Caraleigh Furniture
Attn: Managing Agent
3605 Baron Monck Pass
Raleigh, NC 27612

IRS
Attn: Special Procedures
320 Federal Place
Greensboro, NC 27402

AT&T
Attn: Managing Agent
PO Box 9001310
Louisville, KY 40290

Carolina Medical
421 Fayetteville St.
Suite 600
Raleigh, NC 27601

N.C. Dept. of Revenue
PO Box 1168
Raleigh, NC 27602

AT&T Universal
Attn: Managing Agent
PO Box 183064
Columbus, OH 43218-3064

Chrysler Financial
Attn: Managing Agent
P.O. Box 1728
Newark, NJ 07101-1728

Scott & Goldman
590 W. Crossville Rd.
Suite 104
Roswell, GA 30075

Bank of America
PO Box 15463
Attn: Bankruptcy Dept.
Wilmington, DE 19886

CitiCard
Attn: Managing Agent
PO Box 183067
Columbus, OH 43218-3067

Spring Air Mattress Corporation
Attn: Managing Agent
401 North Raleigh Street
Greensboro, NC 27420-0028

Bank of America
Attn: Bankruptcy Department
PO Box 15463
Wilmington, DE 19886

Critcal Health
421 Fayetteville St.
Suite 600
Raleigh, NC 27601

State Employee's Credit Union
Attn: Managing Agent
P.O. Box 29561
Raleigh, NC 27626

Bank of America
Attn: Managing Agent
PO Box 15726
Wilmington, DE 19886-5726

Discover
Attn: Managing Agent
PO Box 15251
Wilmington, DE 19886-5251

Wachovia Bank, NA
Attn: Managing Partner
1451 Thomas Langston Road
Winterville, NC 28590

BB&T Factors
Attn: Frederick G. Sawyer
PO Drawer 2086
High Point, NC 27261

Employment Security Commission
PO Box 26504
Raleigh, NC 27611

Wake County Revenue Departmen
Attn: Managing Agent
P.O. Box 96084
Charlotte, NC 28296-0084

Bell South
Attn: Managing Agent
P.O. Box 70529
Charlotte, NC 28272-0529

Frederick Sawyer
PO Drawer 2086
High Point, NC 27261

Wake Medical
421 Fayetteville St.
Suite 600
Raleigh, NC 27601

Capital One
Attn: Managing Agent
PO Box 70884
Charlotte, NC 28272-0884

Gerald H. Groon
Smith Debnam
P.O. Box 26268
Raleigh, NC 27611

Official Form 22A (Chapter 7) (04/07)

In re **Johnny Howell**
**Brenda Glover Howell**
_____
Debtor(s)

Case Number: _____
(If known)

According to the calculations required by this statement:

☐ The presumption arises.

■ The presumption does not arise.

(Check the box as directed in Parts I, III, and VI of this statement.)

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts.  Joint debtors may complete one statement only.

Debtor declares under penalty of perjury that debts are primarily non-consumer; therefore, Means Test does not apply per § 707(b)(1).

## Part I. EXCLUSION FOR DISABLED VETERANS

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ Veteran's Declaration. By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | Marital/filing status. Check the box that applies and complete the balance of this part of the statement as directed.<br><br>a. ☐ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br><br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only column A ("Debtor's Income") for Lines 3-11.<br><br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.<br><br>d. ■ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. |
|---|---|

| | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $ **0.00** | $ **0.00** |

| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. | | $ **0.00** | $ **0.00** |
|---|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ **0.00** | $ **0.00** |
| b. | Ordinary and necessary business expenses | $ **0.00** | $ **0.00** |
| c. | Business income | Subtract Line b from Line a | |

| 5 | Rents and other real property income.  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  Do not include any part of the operating expenses entered on Line b as a deduction in Part V. | | $ **0.00** | $ **0.00** |
|---|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ **0.00** | $ **0.00** |
| b. | Ordinary and necessary operating expenses | $ **0.00** | $ **0.00** |
| c. | Rent and other real property income | Subtract Line b from Line a | |

| 6 | Interest, dividends, and royalties. | $ **0.00** | $ **0.00** |
|---|---|---|---|

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                                2

| 7 | Pension and retirement income. | $ | 0.00 | $ | 0.00 |
|---|---|---|---|---|---|
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse if Column B is completed. | $ | 0.00 | $ | 0.00 |

Official Form 22A (Chapter 7) (04/07) - Cont. 3

| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ **0.00**  Spouse $ **0.00** | $ **0.00** | $ **0.00** |
|----|----|----|----|
| 10 | Income from all other sources.  If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. <br><br> Debtor / Spouse <br> a. ___ $ ___ / $ ___ <br> b. ___ $ ___ / $ ___ <br> Total and enter on Line 10 | $ **0.00** | $ **0.00** |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $ **0.00** | $ **0.00** |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ **0.00** | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7).  Multiply the amount from Line 12 by the number 12 and enter the result. | $ **0.00** |
|----|----|----|
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: ___ **NC** ___  b. Enter debtor's household size: ___ **2** ___ | $ **46,066.00** |
| 15 | Application of Section 707(b)(7).  Check the applicable box and proceed as directed. <br><br> ■ The amount on Line 13 is less than or equal to the amount on Line 14.  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII: do not complete Parts IV, V, VI or VII. <br><br> ☐ The amount on Line 13 is more than the amount on Line 14.  Complete the remaining parts of this statement. |  |

Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|----|----|----|
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents.  If you did not check box at Line 2.c, enter zero. | $ |
| 18 | Current monthly income for § 707(b)(2).  Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19 | National Standards: food, clothing, household supplies, personal care, and miscellaneous. Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|----|----|----|
| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                     4

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  Do not enter an amount less than zero. <br><table><tr><td>a.</td><td>IRS Housing and Utilities Standards; mortgage/rental expense</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net mortgage/rental expense</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 21 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** <br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. <br>☐ 0   ☐ 1   ☐ 2 or more. <br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense.  (You may not claim an ownership/lease expense for more than two vehicles.) <br>☐ 1   ☐ 2 or more. <br>Enter, in Line a below,  the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.  Do not enter an amount less than zero. <br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs, First Car</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. <br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  Do not enter an amount less than zero. <br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs, Second Car</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $ |
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | $ |
| 27 | **Other Necessary Expenses: life insurance.**  Enter average monthly premiums that you actually pay for term life insurance for yourself.  Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                                    5

| 28 | Other Necessary Expenses: court-ordered payments.  Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  Do not include payments on past due support obligations included in Line 44. | $ |
|----|----|----|
| 29 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child.  Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | Other Necessary Expenses: childcare.  Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | $ |
| 31 | Other Necessary Expenses: health care.  Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  Do not include payments for health insurance or health savings accounts listed in Line 34. | $ |
| 32 | Other Necessary Expenses: telecommunication services.  Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $ |
| 33 | Total Expenses Allowed under IRS Standards.  Enter the total of Lines 19 through 32. | $ |

| | Subpart B: Additional Expense Deductions under § 707(b)<br><br>Note: Do not include any expenses that you have listed in Lines 19-32 | |
|----|----|----|

| 34 | Health Insurance, Disability Insurance, and Health Savings Account Expenses.  List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories.<br><br>a.  Health Insurance — $<br>b.  Disability Insurance — $<br>c.  Health Savings Account — $<br>Total:  Add Lines a, b and c | $ |
|----|----|----|
| 35 | Continued contributions to the care of household or family members.  Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | Protection against family violence. Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | Home energy costs.  Enter the average monthly amount, in excess of the allowance in the IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 38 | Education expenses for dependent children less than 18.  Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | $ |
| 39 | Additional food and clothing expense. Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 40 | Continued charitable contributions. Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 34 through 40 | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.    6

| | Subpart C: Deductions for Debt Payment | | |
|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  Mortgage debts should include payments of taxes and insurance required by the mortgage.  If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

*(Total column)* $

| | Subpart C continued | | |
|---|---|---|---|
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

*(Total column)* $

| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

*(Total column)* $

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

| | Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date: __**July 19, 2007**__

Signature: **/s/ Johnny Howell**

**Johnny Howell**
(Debtor)

Date: __**July 19, 2007**__

Signature: **/s/ Brenda Glover Howell**

**Brenda Glover Howell**
(Joint Debtor, if any)