

**SO ORDERED.**

**SIGNED this 29 day of November, 2007.**

**A. Thomas Small**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                    CASE NO.

**JOHNNY HOWELL**                              **07-01549-5-ATS**
**BRENDA GLOVER HOWELL**

       **DEBTORS**

### ORDER DENYING TRUSTEE'S OBJECTION TO AMENDED EXEMPTIONS AND MOTION FOR TURNOVER

The matter before the court is the objection to the debtors' amended claim of exemptions and motion for turnover filed by the trustee, Joseph N. Callaway.  A hearing took place on November 8, 2007, in Raleigh, North Carolina.

Johnny Howell and Brenda Glover Howell filed a petition for relief under chapter 7 of the Bankruptcy Code on July 19, 2007, followed by an amended Schedule C on September 18, 2007. The trustee objects to two of the exemptions claimed by the debtors and seeks turnover of the property in dispute.  First, the trustee objects to Mr. Howell's use of the "tool of the trade" exemption found in N.C. Gen. Stat. § 1C-1601(a)(5) with respect to a truck used to haul and resell furniture.  The debtors maintain that the exemption is proper, and counter that even if the truck is not considered a "tool of the trade," other exemptions are available to exempt the truck's value in full.  Second, the trustee objects to the debtor's use of N.C. Gen. Stat. § 1-362 to claim certain funds

as exempt wages. The debtors maintain that use of the wage exemption is proper because the funds represent the debtors' earnings from the pre-petition operation of their business.

## The "Tools of the Trade" Exemption

The debtors own a 1999 Ford F350 "box" truck, which is used to haul and resell furniture. Under North Carolina law, a debtor may exempt his interest (up to $2,000 in value) in any "tools of the trade of the debtor." N.C. Gen. Stat. § 1C-1601(a)(5). The debtors contend that the Ford truck is a "tool" that is necessary to transport furniture in order to perform the "trade" of used furniture resale. However, this court held in In re Trevino that a motor vehicle cannot qualify for the tool of the trade exemption.[1] In re Trevino, 96 B.R. 608 (Bankr. E.D.N.C. 1989). The court therefore finds that the 1999 Ford F350 truck does not qualify as a tool of the trade. The trustee's objection to the use of the "tool of the trade" exemption under N.C. Gen. Stat. § 1C-1601(a)(5) is allowed.

## The Wage Exemption

On June 1, 2007, the debtors closed the furniture store that they previously owned and operated. During the hearing, the debtors represented to the court that they worked in the store regularly, both before and for a period of time after the closing of the business. Between May 20, 2007 (the beginning of the 60 day period prior to the debtors' bankruptcy filing), and June 1, 2007, when the store closed, the debtors deposited receipts into the store's bank account totaling $26,993.04. On July 2, 2007, the debtors paid themselves $8,766.92 from the store receipts as

---

[1]While the Trevino opinion alludes to a potential exception where a motor vehicle is specially outfitted for the debtor's trade, there is no evidence that this truck is or even could be specially outfitted for Mr. Howell's trade.

2

earnings for their work in connection with the store.[2]  According to the debtors, this payment represented the only wages earned by the debtors during the two months prior to filing for bankruptcy.  Each debtor claims a portion of this sum as exempt under the "wildcard" provision of N.C. Gen. Stat. § 1C-1601(a)(2).  Because the debtors also claim other items under the wildcard provision, a balance of $3,691.92 remains out of the $8,766.92 in store receipts.  The debtors contend that the remaining $3,691.92 in store revenue is exempt under N.C. Gen. Stat. § 1-362 because it reflects earnings for work associated with the store during the 60 days prior to the bankruptcy filing.[3]

> N.C. Gen. Stat. § 1-362 reads as follows:
>
> The court or judge may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment; *except that the earnings of the debtor for his personal services, at any time within 60 days next preceding the order, cannot be so applied when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor.*

N.C.G.S. § 1-362 (emphasis added).  This court has previously held in <u>In re Austin</u>, that "§ 1-362 is a wage exemption statute in addition to the exemption provisions of N.C. Gen. Stat. § 1C-1601 et. seq."[4]  <u>In re Austin</u>, Case No. 91-02288-ATS at 3-4 (Bankr. E.D.N.C. Nov. 7, 1991).[5]  This court

---

[2]Although the debtors' amended Schedule C and the trustee's motion reflect a slightly larger figure ($8,993.79), neither party raised the discrepancy at the hearing.

[3]The debtors presented two exemption analyses during the hearing: one applying the motor vehicle and tool of the trade exemptions to the value of Mr. Howell's truck and another applying the motor vehicle and wildcard exemptions.  Because the tool of the trade exemption is not applicable under these circumstances, the court followed the latter analysis, which resulted in a $3,691.92 cash balance after the motor vehicle and wildcard exemptions.

[4]"Subsequent to the enactment of N.C. Gen. Stat. § 1C-1601 et. seq., the North Carolina Court of Appeals expanded the provisions of N.C. Gen. Stat. § 1-362 to hold that a debtor's future

has also previously stated that "North Carolina's exemption laws are to be liberally construed in favor of the exemption." In re Laues, 90 B.R. 158, 161 (Bankr. E.D.N.C. 1988), citing Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E. 2d 668 (1978), and In re Mims, 49 B.R. 283 (Bankr. E.D.N.C. 1985). The trustee contends that the $3,691.92 in store receipts does not represent earnings, but rather it constitutes excess proceeds from the liquidation of the business. The trustee further contends that the funds can be traced to proceeds placed in the store account more than 60 days prior to the bankruptcy filing. The latter contention, however, is not relevant because the key in this matter is whether the debtors performed the services (for which they paid themselves on July 2, 2007) during the 60 days preceding the filing.

In Austin, the court held that a self-employed debtor's "wages" can take the form of accounts receivable, noting that "[i]f a debtor 'lives out of the till,' it is difficult to discern general receivables from wages." Austin at 4. In the present case, the debtors argue that they have something more concrete than accounts receivable – they have actual revenues received. The court agrees and finds that the $3,691.92 taken from store receipts represents earnings. The furniture business was not incorporated and the debtors managed and worked in the store on a regular basis. After the doors were closed to the public on June 1, 2007, the debtors continued to work in the store, cleaning and moving the remaining inventory out of the leased commercial space. The $3,691.92 that the debtors claim as wages equates to approximately $2,000 each for a month's work – an amount that is

_____

earnings are excepted from execution by judgment creditors. See Harris v. Hinson, 87 N.C. App. 148, 360 S.E.2d 118 (1987)." In re Austin, Case No. 91-02288-ATS at 4 (Bankr. E.D.N.C. Nov. 7, 1991).

[5]As Austin is not available through CM/ECF or Pacer technologies, a copy of the opinion is attached to this order for reference.

4

consistent with the debtors' past wages and is in line with or lower than typical salaries received for this type of work.

The court in <u>Austin</u> further held that "N.C. Gen. Stat. § 1-362 expressly excepts 'earnings of the debtor for his personal services.'  This language is explicit and should be given a liberal construction favorable to the exemption."  <u>Id.</u>  Accordingly, a debtor can apply exemptions to maximize their effectiveness.  Here, the debtors utilized both the wildcard exemption and N.C. Gen. Stat. § 1-362 to use the full amount of available exemptions.  There is nothing wrong with that in the circumstances of this case.  The debtors are of retirement age with limited resources and limited prospects for earning a living.  Their only regular current source of income is social security, and the wages they claimed as exempt under N.C. Gen. Stat. § 1-362 will probably be the last wages they will ever receive.  The court finds that the $3,691.92 in question represents wages earned within 60 days prior to the debtors' bankruptcy filing and that the wages are necessary for the support of the family.

Accordingly, the trustee's objection to the use of the wage exemption statute is **DENIED.** The trustee's motion for turnover is dismissed as moot, as the property sought is properly claimed as exempt.

        **SO ORDERED**.

**END OF DOCUMENT**



UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NORTH CAROLINA

F I L E D

NOV 7 1991

PEGGY B. DEANS, CLERK
U. S. BANKRUPTCY COURT
EASTERN DISTRICT OF N. C.

IN RE:                                    CASE NUMBER:

REX ROBERT AUSTIN,                        91-02288-ATS

    DEBTOR

### MEMORANDUM OPINION AND ORDER
### DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

The matter before the court is the Trustee's Objection to Debtor's Exemptions filed by Richard D. Sparkman, chapter 7 trustee, on July 10, 1991. A hearing was held on October 1, 1991, in Raleigh, North Carolina.

### JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which this court may hear and determine.

1

AO 72A
(Rev. 8/82)

☑ 003/010

## BACKGROUND

The debtor, Rex Robert Austin, is self-employed and filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 20, 1991. At the § 341 meeting held on June 24, 1991, the debtor sought to amend his exemptions by adding accounts receivable that he had earned from his business.   The trustee objects to the debtor's amended exemptions, including accounts receivable that were not scheduled, but were discovered by the trustee at the § 341 meeting.   The debtor seeks to exempt the accounts receivable through the "wild card provision" of N.C. GEN. STAT. § 1C-1601 to the extent of $2,500.00, and the balance of the accounts receivable under N.C. GEN. STAT. § 1-362 as "wages of the debtor necessary for support of family."

The parties have stipulated to the following facts: (1) that the debtor is a self-employed tool and dye maker; (2) that as of the bankruptcy filing date of May 20, 1991, the debtor had a total of $4,932.50 in accounts receivable; and (3) that the debtor is divorced, and does not have custody of any children.   The debtor furthermore pays no alimony or child support to his family.

The trustee's motion has presented four issues to the court:

(1)   Are the accounts receivable "earnings" of the debtor within the meaning of N.C. GEN. STAT. § 1-362?

(2)   If so, were the earnings earned within sixty days next preceding "the Order" within the meaning of N.C. GEN. STAT. § 1-362?

2

AO 72A
(Rev. 8/82)

☑ 004/010

(3)   If so, are the earnings necessary for the use of a family supported wholly or partly by the debtor's labor as contemplated by N.C. GEN. STAT. § 1-362?

(4)   Notwithstanding the above, should the debtor be barred from claiming the accounts receivable as exempt since they were not scheduled on his petition, and were only disclosed after inquiry by the trustee at the § 341 meeting?

N.C. GEN. STAT. § 1-362 reads as follows:

The court or judge may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment; except that the earnings of the debtor for his personal services, at any time within 60 days next preceding the order, cannot be so applied when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor.

**EARNINGS OF THE DEBTOR**

The trustee argues that N.C. GEN. STAT. § 1-362 is not an exemption statute, but rather an execution statute. The trustee further argues that our legislature completely revamped the state's exemption statutes in 1981, without any mention of this statute. Therefore, the trustee argues, this statute was never meant to be encompassed into the other exemption statutes, but is limited to sales under execution only, and therefore inapplicable in a bankruptcy proceeding.

This court disagrees with the trustee and finds that N.C. GEN. STAT. § 1-362 is a wage exemption statute in addition to the

3

AO 72A
(Rev. 8/82)

exemption provisions of N.C. GEN. STAT. § 1C-1601 et. seq.[1] .This court has previously stated that "North Carolina's exemption laws are to be liberally construed in favor of the exemption." In re Laues, 90 B.R. 158, 161 (Bankr. E.D. N.C. 1988), citing Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668 (1978); and In re Mims, 49 B.R. 283 (Bankr. E.D. N.C. 1985).

Wages of a self-employed debtor may take the form of accounts receivable. If a debtor "lives out of the till," it is difficult to discern general receivables from wages.

N.C. GEN. STAT. § 1-362 expressly excepts "earnings of the debtor for his personal services." This language is explicit and should be given a liberal construction favorable to the exemption.

### WAGES WITHIN SIXTY DAYS

The trustee argues that N.C. GEN. STAT. § 1-362 is not capable of interpretation in a bankruptcy setting as it refers to the exception of the debtor's earnings "at any time within sixty days next preceding the order." The trustee argues that the "order" referenced in the statute is an order of execution, and thus is a limited purpose exemption statute for use in executions only. This court, expanding upon its decision in In re Laues, 90 B.R. 158

---

[1]Subsequent to the enactment of N.C. GEN. STAT. § 1C-1601 et. seq., the North Carolina Court of Appeals expanded the provisions of N.C. GEN. STAT. § 1-362 to hold that a debtor's future earnings are excepted from execution by judgment creditors. See Harris v. Hinson, 87 N.C. App. 148, 360 S.E.2d 118 (1987).

4

(Bankr. E.D. N.C. 1988), holds that N.C. GEN. STAT. § 1-362 is an exemption statute available to debtors in addition to the provisions of N.C. GEN. STAT. § 1C-1601 et. seq., and available to debtors for wages and earnings within sixty days next preceding the bankruptcy petition filing date.

### NECESSARY FOR SUPPORT OF FAMILY

The last element of N.C. GEN. STAT. § 1-362 is "that these earnings are necessary for the use of a family supported wholly or partly by his labor."

"The meaning of word 'family' necessarily depends on field of law in which word is used, purpose intended to be accomplished by its use, and facts and circumstances of each case." Black's Law Dictionary, at 543 (5th ed. 1979), citing LeRoux v. Edmundson, 276 Minn. 120, 148 N.W.2d 812, 814 (1967).

Although family most commonly refers to a group of people consisting of parents and children, the debtor points out that the Internal Revenue Code also recognizes a family of one for tax purposes in claiming exemptions and dependents.

The trustee's position is that N.C. GEN. STAT. § 1-362 has historically been construed to except from execution for wages for the support of a family, meaning wife and children.[2]

---

[2]According to Motor Finance Company v. Putnam, 229 N.C. 555, 50 S.E.2d 670 (1948) citing In re Trustees of Board of Publication and Sabbath School Work, 22 Misc. 645, 50 N.Y.S. 171 (1898), N.C. GEN. STAT. § 1-362 was modeled after New York supplemental

5

NANA SE REGION

03/04/2002 14:51 FAX 404 763 7815

This court holds that for exemption and Bankruptcy Code purposes, a family can consist of one person, and can fully avail himself of the provisions of N.C. GEN. STAT. § 1-362 to the extent reasonably necessary for the support of himself.

### EXEMPTION OF UNSCHEDULED PROPERTY

The trustee's last argument is that, even if this court finds that N.C. GEN. STAT. § 1-362 is in fact a wage exemption statute, and that the accounts receivable are, in fact, earnings of the debtor necessary for the use and support of a family incurred within sixty days of the bankruptcy petition, the exemption should not be allowed in this case as a matter of public policy since the wages not disclosed in the debtor's schedules. The court dis-agrees.

The debtor has amended the schedules and may now use N.C. GEN. STAT. § 1-362 to claim his wages as exempt. The trustee's motion is therefore DENIED.

The court finds that the debtor failed to schedule the receivables and made no mention of them until the § 341 meeting.

---

proceeding and execution statutes. "The intent of the legislature is plain. A debtor's duty to his family is recognized so far that, if he has a family wholly or partly supported by his labor, he may, if necessary, always have 60 days' back earnings exempt; and [it has been] held that this was a humane provision, and should be liberally construed in favor of the debtor." Harris v. Hinson, 87 N.C. App. 148, 151; 360 S.E.2d 118, ____ (1987), citing, In re Trustees of Board of Publication and Sabbath School Work, 22 Misc. 645, ____, 50 N.Y.S. 171, 173 (1898).

6

AO 72A
(Rev. 8/82)

Further, the court finds that the debtor's failure to properly schedule the receivables prejudiced the trustee in this case. For these reasons, the court concludes that the trustee is entitled to the attorney's fees and costs that the trustee incurred in bringing this objection. The debtor must reimburse the trustee, Richard D. Sparkman, $350.00 for attorney's fees and costs.

SO ORDERED.

DATED:      NOV   7 1991

A. Thomas Small
Bankruptcy Judge

7

AO 72A
(Rev. 8/82)

010/009

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
U.S. BANKRUPTCY COURT, PO DRAWER 2807, 1760 PARKWOOD BLVD., WILSON, NC 27894
n Re a *Petition for Relief under chapter 7 of Title 11, U.S. Code*, filed by or
against the below-named Debtor(s) on May 20, 1991:
DEBTOR  : **Rex Robert Austin of 8611 Cocoa Rd.,  Liberty,  NC 27298**
, SSAN: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

CASE NO. **91-02288-ATS**

**ORDER AND NOTICE
BY THE COURT**

### CERTIFICATE OF SERVICE

I am a regularly appointed and qualified deputy clerk in the
office of the clerk, in and for said court and district, and I
hereby certify that a copy of the attached document was mailed in
a postage prepaid envelope addressed to the following at their
respective addresses, by placing said envelope in the regular
mail in Wilson, North Carolina, on this date.

DATED:      NOV   7 1991

*[signature]*

DEPUTY CLERK

Rex Robert Austin
8611 Cocoa Road
Liberty, NC  27298

John T. Orcutt
Attorney at Law
6616 Six Forks Rd., Suite 203
Raleigh, NC  27615

Richard D. Sparkman
Attorney at Law
PO Drawer C
Angier, NC  27501

Bankruptcy Administrator

010/010